# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>vs.<br><br>DAX RYAN TERRY,<br><br>           Defendant. | Case No. 2:18-cr-00072-APG-NJK<br><br>ORDER |

Defendant Dax Ryan Terry is charged in a criminal superseding indictment with receipt or distribution of child pornography and receipt or distribution of obscenity. Docket No. 91. His attorney has filed a motion for psychiatric evaluation, the parties and the Court have received the forensic psychological report, and the Court has held a hearing regarding the report. Docket Nos. 113, 121, 123.[1] Bianca Pucci appeared on behalf of the United States and Lance Maningo appeared on behalf of Defendant.

Based on the content of the motion, the forensic psychological report provided to the Court, and the representations that were made by counsel, the Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of

---

[1] This is the second motion for psychiatric evaluation in the instant case. *See also* Docket Nos. 47 (first motion for competency evaluation); 48 (order granting motion for competency evaluation); 68 (first psychiatric report); 72 (hearing wherein Court found Defendant competent and ordered case to move forward as scheduled).

the proceedings against him or to assist properly in his defense.  The Court therefore commits Defendant to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d).

IT IS ORDERED that:

1.    In accordance with 18 U.S.C. § 4241(d)(1), the United States Marshal Service shall forthwith transport Defendant Dax Ryan Terry to hospitalize him in a suitable Bureau of Prisons ("BOP") facility to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

2.    Defendant shall be held in a BOP facility for a reasonable period of time, not to exceed four months.  Defendant may be hospitalized for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the Court finds that a substantial probability exists that, within such additional period of time, Defendant will attain the capacity to permit the proceedings to go forward; or the pending charges against Defendant are disposed of according to law – whichever is earlier.  18 U.S.C. §§ 4241(d)(1) and (d)(2).

3.    When the director of the facility in which Defendant is hospitalized determines that he has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense, the director shall promptly file a certificate to that effect with the Court Clerk.  The Clerk shall send a copy of the certificate to Bianca Pucci, Assistant United States Attorney, and to Lance Maningo, counsel for Defendant.  18 U.S.C. § 4241(e).

The Court finds that the period of time required by the above-described hospitalization and the Court's determination of Defendant's competency to stand trial is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

Additionally, the Court sets a status hearing on this matter for April 15, 2024, at 11:00 a.m., in Courtroom 3C.

IT IS SO ORDERED.

DATED: December 13, 2023.

                                                      NANCY J. KOPPE
                                                      UNITED STATES MAGISTRATE JUDGE